UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

FILED
JAN 15 2020
US DISTRICT COURT
NEW ALBANY DIVISION

| | |
|---|---|
| Heather Gregory, individually and on behalf of all others similarly situated,<br><br>                      Plaintiff,<br><br>-v.-<br><br>R & B Corporation of Virginia, d.b.a. Credit Control Corporation and<br><br>John Does 1-25,<br><br>                      Defendants. | C.A. No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>4:20-CV- 13 SEB-DML |

Plaintiff Heather Gregory (hereinafter, "Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks PLLC, against Defendant R & B Corporation of Virginia d/b/a Credit Control Corporation. (hereinafter "Defendant CCC"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.    Congress enacted the **Fair Debt Collection Practices Act** ("the FDCPA') in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to

1

material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Indiana consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Indiana, County of Clark, residing at 302 Webster Blvd, Jeffersonville, IN 47130.

8. Defendant CCC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 11821 Rock Landing Dr., Newport News, VA 23606 and may be served upon their registered agent, CT Corporation System at 150 West Market Street, Suite 800, Indianapolis, IN, 46204.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:
   a. all individuals with addresses in the state of Indiana;
   b. to whom Defendant Peerless sent a collection letter attempting to collect a consumer debt;
   c. regarding collection of a debt;
   d. that imposed an additional convenience fee for credit card payments;
   e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

16. **The Plaintiff's** claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms **attached as Exhibit A** violate 15 § 1692e and §1692f.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff

Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to January 19, 2019, an obligation was allegedly incurred to University of Virginia Health System, Pb.

22. The obligation arose out of a transaction involving a medical debt incurred by Plaintiff with University of Virginia Health System, Pb in which money, property, insurance or services, which are the subject of the transaction, were incurred solely for personal purposes, specifically medical purposes.

23. The alleged University of Virginia Health System, Pb obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. University of Virginia Health System, Pb is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

25. University of Virginia Health System, Pb contracted with the Defendant to collect the alleged debt.

26. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*January 19, 2019 Collection Letter*

27. On or about January 19, 2019, Defendant sent the Plaintiff an initial collection letter (the "Letter") regarding the alleged debt owed to University of Virginia Health System, Pb. See Letter attached as Exhibit A.

28. The collection letter indicated that Defendant charges a $3.95 convenience fee for payment via credit card.

29. Plaintiff did not agree to such a collection charge.

30. The addition of this collection fee by Defendant which was not authorized by the agreement creating the debt or permitted by law, was an attempt to collect an amount not owed by Plaintiff.

31. Defendant misled and deceived Plaintiff into the belief that she falsely owed an additional $3.95 when this charge is a violation of the FDCPA.

32. As a result of Defendant's deceptive misleading and false debt collection practices, Plaintiff has been damaged.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e**
*et seq.*

33. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

34. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

35. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

36. Defendant violated said section by:

    a. Making a false and misleading representation in violation of §1692e(10).

37. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

38. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

39. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

40. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

41. Defendant violated this section by

    a. unfairly advising Plaintiff that she owed Defendant more money than the amount of her debt; and

    b. attempting to collect an amount not expressly authorized by the underlying agreement creating the debt or permitted by law in violation of § 1692f(1).

42. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

43. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Heather Gregory, individually and on behalf of all others similarly situated, demands judgment from Defendant CCC as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Raphael Deutsch, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. **Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;**

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: January 9, 2020

Respectfully Submitted,

_____
Raphael Deutsch, Esq.

**Stein Saks, PLLC**
*Attorneys for Plaintiff*
285 Passaic Street
Hackensack, NJ 07601
(P): (201) 282-6500 ext. 107
(F): (201) 282-6501
(E) rdeutsch@steinsakslegal.com
*Attorneys For Plaintiff*
Pro Hac Vice Application Pending

EXHIBIT A

PO BOX 120568
NEWPORT NEWS, VA 23612

**Credit Control Corporation**
*Financial Receivables Specialists*

(757) 873-3667
(877) 277-6336

**Pay by Automated Phone System**
1-833-605-6919
Please use EDP# ▮▮▮▮▮▮ referencing this account

1/19/19

**Pay by Internet**
www.cccpayment.com
Please use EDP # ▮▮▮▮▮▮ referencing this account

HEATHER GREGORY                  6259 - 3382

**Contact a Customer Service Agent by Phone**
1-877-277-6336

(Contactar a un agente de sericio al cliente 1-877-277-6336)

003563

Credit Control Corporation has been retained by your creditor to collect this past due account. Payment in full is requested. If not resolved, this debt may be reported to the Credit Reporting Services which could affect your credit rating.

Convenient automated electronic payment options via MasterCard, Visa, or checking account/ACH are available 24/7. A $3.95 processing fee is added and retained by the payment processing company for credit card and electronic check/ACH payments. You may also call our office for assistance or, mail a check/money order in the enclosed envelope with the payment stub below. There is no processing fee for check or money order payments received by mail.

Please contact us to help you resolve this matter, or use one of the self-payment methods provided.

| ACCOUNT # | PATIENT | BALANCE | TOTAL |
|---|---|---|---|
| ▮▮▮▮▮▮ | GREGORY, HEATHER | $322.40 | $322.40 |

**IMPORTANT NOTICES**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

PLEASE DETACH AND RETURN BOTTOM STUB IN THE ENCLOSED ENVELOPE WITH YOUR PAYMENT. SEE REVERSE SIDE TO UPDATE YOUR ADDRESS

**ACCOUNT INFORMATION**

Original Creditor:
University Of Virginia Health System Pb
EDP #: ▮▮▮▮▮▮
BALANCE DUE: $322.40

**PAYMENT INFORMATION**

Use EDP# ▮▮▮▮▮▮ when referencing this account.

| AMOUNT OF PAYMENT | $ |
|---|---|

MAKE CHECKS PAYABLE TO:
**CREDIT CONTROL CORPORATION**

Receipt of your check at our address will authorize us to process your payment as an electronic debit to the checking account on which the check is written.

REMIT TO:

CREDIT CONTROL CORPORATION
PO BOX 120568
NEWPORT NEWS, VA 23612

8259 - CR - 3382